UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **09-22373-CIV-MORENO**

JORGE RODRIGUEZ,

    Plaintiff,

vs.

DISCOUNT AUTO PARTS, LLC,

    Defendant.
_____/

## ORDER REMANDING CASE TO STATE COURT

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand **(D.E. No. 2)**, filed on **August 12, 2009**.

THE COURT has considered the motion, the response, the removed complaint, the notice of removal, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **GRANTED**.

Courts strictly construe 28 U.S.C. § 1441 (removal jurisdiction). *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). When removal jurisdiction is disputed, uncertainties are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

The burden of establishing jurisdiction lies with the removing defendant, who must demonstrate that the amount in controversy exceeds the court's jurisdictional threshold by a preponderance of the evidence. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Where the complaint does not expressly allege a specific amount in controversy, removal is

proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. *Id.* A conclusory allegation that the amount-in-controversy requirement is satisfied, however, is insufficient to meet the defendant's burden. *Id.* at 1319-20.

The Complaint in this case fails to allege a specific amount in controversy. Aside from a conclusory allegation in the notice of removal, there is nothing in the record to support a finding that the amount in controversy exceeds the Court's jurisdictional requirement. Defendant argues that the Court can infer that the jurisdictional threshold is satisfied because the statute under which the Plaintiff has sued authorizes the Court to award up to $100,000.00 in punitive damages. The Court cannot make such an inference, however, and the record is devoid of any evidence respecting the potential amount of punitive damages. Defendant has thus failed to meet its burden. Accordingly, it is

**ORDERED AND ADJUDGED** that this Case be, and the same is, hereby REMANDED to the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida. The Clerk of the Court is hereby directed to take all necessary steps and procedures to effect the expeditious remand of the above-styled action.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of September, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record
Clerk of the Court for the 11th Judicial Circuit in and for Dade County, Florida